UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HYDRAULIC SYSTEMS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-cv-124 |
| ENTRO INDUSTRIES, INC., | ) Jury Trial Requested |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Plaintiff Hydraulic Systems, Inc., through its counsel, brings this Complaint for Declaratory Judgement of Non-Infringement against Defendant Entro Industries, Inc., as follows:

**PARTIES**

1.  Hydraulic Systems, Inc. ("HSI") is a corporation organized under the laws of the State of Texas, with its principal place of business in The Woodlands, Texas.

2.  On information and belief, Entro Industries, Inc. ("Entro") is a corporation organized under the laws of the State of Oregon, with its principal place of business in Hilsboro, Oregon.

**NATURE OF THE ACTION**

3.  This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.  On information and belief, Entro is the owner by assignment of U.S. Patent No. 9,004,203 ("the '203 patent"), which is entitled "Alignment Restoration Device for Load Transporting Apparatus." A true and correct copy of the '203 patent is attached as Exhibit A.

1

5. On information and belief, Entro is the owner by assignment of U.S. Patent No. 8,561,733 ("the '733 patent"), which is entitled "Alignment Restoration Device for Load Transporting Apparatus." A true and correct copy of the '733 patent is attached as Exhibit B.

6. HSI seeks a judgment that its RigRunner AR-15 Rig Walking System ("AR-15"), and any use thereof, does not infringe any claim of the '203 patent or the '733 patent.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

8. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. The Court has personal jurisdiction over Entro at least because of Entro's continuous and systematic contacts with the state of Texas and this District, including Entro's marketing, offering for sale, and sales of oil and gas related products in Texas and this District.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial portion of the events giving rise to HSI's claim occurred in this District and Entro is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

11. On October 12, 2015, counsel for Entro sent a letter to an employee of HSI stating that "Entro believes the AR-15 Advanced Walking System infringes one or more of [Entro's] patents." Counsel for Entro further stated that "[a]s owner of U.S. patent numbers 8,561,733 … 9,004,2013 … and other patents pending, Entro has the right to enforce its patent rights against any infringing party, including HSI." A true and correct copy of the October 12, 2015 letter is attached as Exhibit C.

12. On November 9, 2015, counsel for HSI responded to Entro's October 12th letter and indicated that "[c]laim 1 of the '203 patent requires, *inter alia*, 'one or more *biasing devices configured to elastically and materially deform* in response to the non-linear displacement of the support foot, *wherein an elastic deformation of the one or more biasing devices provides a biasing force that operates to realign the support foot with the load transporting apparatus* ….'" Counsel for HSI further stated, "neither the specific portion of the stabilizer frame identified by Entro nor any other portion of the stabilizer frame of the AR-15 'elastically and materially deform[s] in response to the non-linear displacement of the support foot.' Moreover, no portion of the stabilizer frame of the AR-15 'provides a biasing force that operates to realign the support foot … with the longitudinal centerline of the load transporting apparatus.' As such, the AR-15 cannot infringe claim 1 of the '203 patent, nor any claim dependent thereon." Counsel for HSI concluded that because the "biasing" and "elastic and material deformation" limitations are present in all the other claims of the '203 patent, the AR-15 cannot infringe those claims for at least the same reasons. A true and correct copy of the November 9, 2015 letter is attached as Exhibit D.

13. On December 1, 2015, counsel for Entro responded to the November 9th letter and attempted to rebut HSI's explanation as to why the AR-15 does not infringe any claim of the '203 patent. In addition to the claims of the '203 patent, Entro also specifically identified specific claims of the '733 patent that Entro alleged were being infringed by HSI's AR-15. Specifically, Entro stated that "[i]n our October 12, 2015 letter, we identified with particularly both the features recited by claim 1 of U.S. Patent No. 9,004,203 and corresponding structures and functions of the AR-15 transport apparatus. A similar analysis applies to claims 7 and 14. You should also consider at least claims 6 and 24 of the parent, U.S. Patent No. 8,561,733."

Entro concluded by stating, "[w]e trust the above information provides sufficient detail regarding Entro's claim that the AR-15 System – based on all of the information available to us – is covered by the '203 patent and other Entro Patents. Entro has worked tirelessly to develop its technology and will not abide by infringement."

14. On December 22, 2015, counsel for HSI responded to Entro's December 1st letter and reiterated why HSI's AR-15 does not meet the "biasing" and/or "elastic and material deformation" limitations, which appear, either together or separately, in all the claims of the '203 and '733 patents.

15. On December 29, 2015, counsel for HSI and counsel for Entro conducted a teleconference to further discuss Entro's allegations of patent infringement regarding HSI's AR-15. At the conclusion of that teleconference, counsel for HSI indicated that the parties were at impasse on the issue of Entro's claims of patent infringement.

16. As neither HSI's AR-15 nor the use thereof infringes any claim of either the '203 or '733 patents, an immediate, real, and justiciable controversy exists between HSI and Entro.

## FIRST COUNT

### (Declaration of Non-Infringement of the '203 patent)

17. HSI restates and incorporates by reference the allegations in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Entro has and continues to accuse HSI's AR-15 of infringing at least claims 1 and 7, and 14 of the '203 patent.

19. Accordingly, a substantial, immediate, and real controversy exists between HSI and Entro regarding whether HSI's AR-15 and/or the use thereof infringes or has infringed the

'203 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '203 patent.

20. HSI therefore seeks a judgment declaring that its AR-15, and the use thereof, does not directly or indirectly infringe any claim of the '203 patent.

## SECOND COUNT

### (Declaration of Non-Infringement of the '733 patent)

21. HSI restates and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Entro has and continues to accuse HSI's AR-15 of infringing at least claims 6 and 24 of the '733 patent.

23. Accordingly, a substantial, immediate, and real controversy exists between HSI and Entro regarding whether HSI's AR-15 and/or the use thereof infringes or has infringed the '733 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '733 patent.

24. HSI therefore seeks a judgment declaring that its AR-15, and the use thereof, does not directly or indirectly infringe any claim of the '733 patent.

## PRAYER FOR RELIEF

WHEREFORE, HSI prays for judgment and relief as follows:

A. Declaring that HSI's AR-15 and/or the use thereof does not directly or indirectly infringe any claim of U.S. Patent No. 9,004,203;

B. Declaring that HSI's AR-15 and/or the use thereof does not directly or indirectly infringe any claim of U.S. Patent No. 8,561,733;

C. Finding that this case is exceptional with the meaning of 35 U.S.C. § 285;

D.  Awarding HSI its costs and attorneys' fees in connection with this case; and

E.  Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

HSI demands a jury trial on all issues and claims so triable.

Dated:  January 15, 2016

Respectfully submitted,
*s/ Tyler T. VanHoutan*
Tyler T. VanHoutan
Attorney-in-Charge
Texas State Bar No. 24033290
Southern District of Texas ID No. 30827
tvanhoutan@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25TH Floor
Houston, TX  77002
Telephone:  (713) 651-2600
Facsimile:  (713) 651-2700

**ATTORNEYS FOR PLAINTIFF
HYDRAULIC SYSTEMS, INC.**